

FILED
JAMES J. VILT, JR. - CLERK

AUG 14 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:23-CR-53-CRS

UNITED STATES OF AMERICA                                        PLAINTIFF

v.

JASON FLORENCE                                                 DEFENDANT

### JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the Indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The Indictment or formal charge against a defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if the defendant does not testify during trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider it in any way in reaching your verdict. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

Relatedly, during the trial you have seen counsel use multimedia presentations which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You need not accept the opinion of any expert witness. In deciding how much weight to give it, you should consider the witness' qualifications and how he reached his conclusions, along with the factors immediately above for weighing the credibility of witnesses.

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

**COUNT 1—POSSESSION OF MATERIAL CONTAINING CHILD PORNOGRAPHY**

Title 18, United States Code, 2252A makes it a federal crime to possess child pornography which has been transported in interstate commerce, including by computer. A defendant may be found guilty of Count 1 only if all the following facts are proved beyond a reasonable doubt:

**First**: The defendant knowingly possessed an item or items of child pornography;

**Second**: When the defendant possessed the item(s), the defendant knew the items(s) contained child pornography; and

**Third**: The item(s) of child pornography had been transported using a means or facility of interstate commerce.

The United States and Defendant stipulated that the item(s) of child pornography were transported using a means or facility of interstate commerce. So the third element of the offense is not in dispute.

The term "**computer**" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

The term "**child pornography**" means any visual depiction, including any photograph, picture or video, whether made or produced by electronic means, of sexually explicit conduct where the visual depiction's production involved using a minor engaging in sexually explicit conduct. "**Minor**" is any person under 18 years old.

The term "**visual depiction**" includes electronically stored data which can be converted into a visual image, whether or not it is stored in a permanent format.

The term "**sexually explicit conduct**" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

- lascivious exhibition of a person's genitals or pubic area. **"Lascivious exhibition"** means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;
- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;
- whether the setting of the depiction appears to be sexually inviting or suggestive — for example, in a location or in a pose associated with sexual activity;
- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;
- whether the minor is partially clothed or nude;
- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and
- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

The term **"possession"** means either actual or constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it. A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The term **"knowingly"** means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

If you are convinced that the United States has proven all these elements, say so by returning a guilty verdict on this charge on Verdict Form A. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge on Verdict Form A. If you find the defendant guilty, continue to the following instruction. If you find the

defendant not guilty, cease your deliberations, complete Verdict Form A, and return to the courtroom.

**Special Interrogatory as to Count 1**

If you have found the defendant guilty as to Count 1, you must also decide beyond a reasonable doubt whether any image of child pornography involved in the offense depicted a minor who was under 12 years old. If you find the defendant guilty of Count 1, you will complete Verdict Form B asking you to make this finding as to age.

You will note that the Indictment charges that the crime was committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged crime. It is sufficient if the United States proves beyond a reasonable doubt that a crime was committed on a date reasonably near the date alleged.

You have heard evidence that the defendant was previously convicted of possessing child pornography. You may consider this evidence in your deliberations, but evidence of this prior offense alone is not sufficient to prove the defendant guilty of the crime charged in the Indictment.

Also, you have heard evidence that the defendant violated the terms of his supervised release. If you find the defendant did this act, you can consider the evidence only as it relates to the defendant's opportunity, intent, and knowledge. You must not consider it for any other purpose.

As you consider this evidence, remember that at all times the United States has the burden of proving beyond a reasonable doubt that the defendant committed each of the elements of the offense charged in the Indictment that I described earlier. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in this Indictment.

The question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Verdict Forms have been prepared for your convenience.

You will take the Verdict Forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the Verdict Form(s), date and sign it(them), and then return to the courtroom.

**VERDICT FORM A**

| 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℂ𝕠𝕦𝕣𝕥 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>JASON FLORENCE | **Docket No.**<br><br>CRIMINAL ACTION NO. 3:23-CR-53-CRS |

**WE, THE JURY, IN THE ABOVE-ENTITLED CASE, FIND:**

The defendant, Jason Florence, _____ as to Count 1 of the Indictment.
                               **(guilty/not guilty)**

If you have found the defendant, Jason Florence, guilty as to Count 1, continue to Verdict Form B.

| **Foreperson's Signature:** | **Date:** |
|---|---|

**VERDICT FORM B**

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>JASON FLORENCE | **Docket No.**<br><br>CRIMINAL ACTION NO. 3:23-CR-53-CRS |

If you have found the defendant, Jason Florence, guilty as to Count 1, you will make the following determination:

We, the Jury, find beyond a reasonable doubt that on or about the date set forth in the Indictment, the defendant, Jason Florence, possessed child pornography that depicted a minor who was under 12 years old.

**YES** _____

**NO** _____

| **Foreperson's   Signature:** | **Date:** |
|---|---|

FILED

JAMES J. VILT, JR. - CLERK

MAY - 2 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**JASON FLORENCE**

INDICTMENT

NO.   3:23-CR-53-CRS

18 U.S.C. § 2252A(a)(5)
18 U.S.C. § 2252A(b)(2)
18 U.S.C. § 2253

The Grand Jury charges:

COUNT 1

*(Possession of child pornography)*

On or about September 1, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JASON FLORENCE**, knowingly possessed child pornography, as that term is defined in 18 U.S.C. § 2256(8)(A), that involved a minor, who had not attained 12 years of age, and that had been transported in interstate commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

FORFEITURE NOTICE

As a result of committing the offense in violation of Count 1 of this Indictment, the defendant, **JASON FLORENCE**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all visual depictions which were produced, transported, mailed, shipped or received in violation of the law, and all of the rights, title, and interests in any property, real or

personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property, and any proceeds thereof.

A TRUE BILL.

Redacted

FOREPERSON

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:ASM:20230425

2